BOWLES, Adm'r, Office of Price Administration, v. SHELLHORN et al.

Civil Action No. 577.

District Court, D. Delaware.

Aug. 10, 1945.

466

Robert C. Barab, Enforcement Atty., of Wilmington, Del., for Office of Price Administration.

Morris Cohen, of Wilmington, Del., for defendants.

LEAHY, District Judge.

██ Plaintiff's motion for summary judgment is denied. If a court has discretion regarding the issuance of an injunction under the mandatory language of the Emergency Price Control Act, Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754, a fortiori it has discretion regarding the issuance of an injunction under the Second War Powers Act. There are weighty reasons why the injunction should not issue. The amounts of oil involved in the instant violations, even taking the affidavits most favorably to plaintiff, are relatively and absolutely trivial, i.e., approximately 4800 gallons allegedly illegally transferred out of a total of 3,643,-762 gallons over a period of two and a half years. And, since during part of the period a maximum of 50 gallons of oil could be delivered without receipt of coupons, it may be that the amount of the violations was even less than claimed. This, at least, is a possible inference, and it will be accepted since it is the innocent one. Some part of the other violations are explained by normal inadvertence incident to the large amount of fuel oil handled, and inadvertence due to confusion incident to OPA's newly acquired control over the fuel oil business. These contentions, together with defendants' protestations of good faith, are uncontradicted by plaintiff. The Supreme Court, in the Hecht Co. v. Bowles case, says that the trial court may, in the exercise of its discretion, refuse to issue an injunction under such circumstances. It is true that in Hecht Co. v. Bowles the defendant had set up a special department in its endeavor to cope with the Regulations of the OPA. This simply evidences good faith; we are satisfied here with the good faith of the defendants.

The present holding is not at war with the views expressed in Bowles v. Swift & Co. et al., D.C.Del., 56 F.Supp. 679. There, while the amount of poultry sold in violation of the Regulations was relatively small compared to the total volume of business done on a national basis by the defendants in that case, it nevertheless constituted a relatively large percentage of the business done in the particular vicinity of Delaware. Further, it was a large amount in absolute terms. Brown v. J. C. Penney Co., D.C., 54 F.Supp. 488, relied on by defendants in the case at bar, seems in point and should control.

██ Plaintiff's motion for summary judgment is accordingly denied. At argument plaintiff made an oral motion that if its motion for summary judgment should be denied it then sought a preliminary injunction or an injunction pendente lite. The purpose of issuing a preliminary injunction is to maintain the status quo pending a final determination of the cause. There has been no necessity suggested for an immediate restraint to be placed on defendant. No one has suggested that the alleged violations are of a continuing nat-

ure or there is likelihood that violations will be repeated. There would appear at this time and on the present record no such necessity for injunctive relief as to move the court's discretion in issuing such a writ.